SANDY KING and ARMSTRONG COOPER, plaintiffs in error, *v.* THE PRESIDENT AND TRUSTEES OF THE TOWN OF JACKSONVILLE, defendants in error.

*Error to Morgan.*

A justice of the peace has jurisdiction of a suit against an individual, for a breach of an ordinance of an incorporated town, prohibiting the sale of ardent spirits without a license; and such ordinance is not repugnant to the Constitution of the United States, or of this State, and such a suit is properly brought in the name of the president and trustees.

A penalty imposed by an ordinance of an incorporated town, for selling liquor without license, is not a tax; nor is it necessary that such corporation should impose a fine upon the individual who is guilty of a breach of it, before suit can be maintained for its recovery. The ordinance itself is sufficient.

THIS was originally an action commenced before a justice of the peace of Morgan county, against the plaintiffs in error, for a violation of an ordinance of the town of Jacksonville, prohibiting the sale of ardent spirits, &c. without license. The justice found them guilty, and fined them five dollars. An appeal was taken to the Circuit Court of Morgan, and at the November term, 1839, the Hon. William Thomas presiding, the judgment of the justice was affirmed with costs. The cause was brought to this Court by writ of error.

M. MCCONNEL, J. A. MCDOUGALL, and J. LAMBORN, for the plaintiffs in error, cited, Const. of Illinois, Art. 8, § 20 ; R. L. 363 ; 2 Kent Com. 298 – 9 ; 3 Binney 626 : — As to the right of the State to levy an impost or duty upon the seller of merchandise, U. S. Const. Art. 1, § 10 ; Brown *v.* Maryland, 6 Peters' Cond. R. 554 ; McCullough *v.* Maryland, 4 do. 466.

WM. BROWN, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court :

Upon an appeal from a justice of the peace, the Circuit Court of Morgan county rendered a judgment for five dollars against the defendants below, for a violation of an ordinance of the corporation of Jacksonville, which prohibited the sale of spirits, wine, beer, &c. by a less quantity than one gallon, under the penalty of the sum for which judgment was rendered.

The existence of the ordinance, and its violation by the defendants below, are admitted. But it is contended, first, that the justice had no jurisdiction of the case ; secondly, that a special order, imposing a fine on the defendants, was necessary ; thirdly, that if the action can be maintained at all, it must be in the name of the people, and not of the president and trustees, &c. ; fourthly, that the ordinance was not authorized by the Con-

stitution or laws of Illinois ; and fifthly, that neither the legislature nor the corporation could prohibit the sale of spirits, &c., in any manner or quantity.

A reference to the general incorporation law, (1) under which the town of Jacksonville was incorporated, and the amendments thereto, made in 1835, (2) will be sufficient to settle the first four errors assigned. By the 4th section of the law authorizing the incorporation of towns, it is enacted that " the President and Trustees of the town of ————,'' shall sue and be sued, &c. By the 5th section they are authorized to make such ordinances, not inconsistent with the Constitution and laws of this State, as they shall deem necessary, to prevent and remove nuisances, to restrain and prohibit gambling, or other disorderly conduct; and by the 8th section, they may impose fines not exceeding five dollars, for a breach of any of the ordinances so made, — " which fine may be recovered before any justice of the peace, by action of debt in the name of the President and Trustees,'' &c. The act amendatory of this act, passed in 1835, provides that the president and trustees of an incorporated town, shall be " vested with power to declare what shall be considered a nuisance within the limits of the corporation.'' These enactments, taken in connexion with the admitted facts, that the ordinance in question was passed by the competent authority, and also, that it was violated by the defendants below, affords a complete answer to all the exceptions taken to the form and manner of proceeding in this case. I can perceive no constitutional objection to the exercise of the powers vested in the trustees by the legislature. The objections, that the ordinance creates a new offence, and is therefore void ; and that the penalty for selling spirits, is a tax, and as such is illegal, inasmuch as the assessment is not in proportion to the value of each one's property, are imaginary and without foundation. To make by-laws, for the better government of the corporation, is a power included in the act of incorporation ; and was the object contemplated by the legislature, in authorizing the inhabitants of a town to become incorporated, as well as the motive which influenced the inhabitants to avail themselves of the privileges conferred by the law. As to the assumption, that a penalty for the commission of a nuisance, is a tax unequal in its operation, and therefore illegal, it is sufficient to observe, that the same objection applies equally to acts of the legislature, which impose penalties for the like offence.

This State, and, I believe, all the others, have forbidden, under various penalties, the practice of selling spirits without a license ; yet I believe it has never been decided, or even contended, that

(1) R. L. 362; Gale's Stat. 381.　　　(2) Gale's Stat. 384; Acts of 1835, 175.

these laws conflict with any constitutional provision. The judgment is affirmed.

*Judgment affirmed.*

*Note.* See Bowers v. Green, 1 Scam. 42.